UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TINA ACKISS, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. _____ |
| : | |
| : | |
| ABSOLUTE RESOLUTIONS : | |
| INVESTMENTS, LLC; ARC HOLDINGS, : | |
| LLC; ABSOLUTE RESOLUTIONS : | |
| CORPORATION and STENGER AND : | |
| STENGER, P.C., : | |
|     Defendants. : | |

# COMPLAINT

COMES NOW YOUR PLAINTIFF Tina Ackiss and files her Complaint for Damages against the Defendants named above and shows the following:

## NATURE OF THE ACTION

1. This is an action against the Defendants for their willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA"). Defendants' actions are abusive debt collection practices prohibited by federal law, specifically the FDCPA which found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices" by debt collectors and those practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

## **JURISDICTION, PARTIES, AND VENUE**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This Court has subject matter jurisdiction of claims arising under the FDCPA, 15 U.S.C. §§ 1692 *et seq*. which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

### ***Plaintiff***

6. Plaintiff is a natural person residing in Lamar County, Georgia.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

8. Plaintiff is also a "natural person" as that term is defined by Georgia law.

### *Defendant Absolute Resolutions Investments, LLC*

9. Defendant Absolute Resolutions Investments, LLC (hereinafter "ARI") is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant ARI is not registered with the Georgia Secretary of State.

11. Defendant ARI is not authorized to transact business in the state of Georgia.

12. Defendant ARI does not have assets in the state of Georgia.

13. Defendant ARI does not have employees in the state of Georgia.

14. Defendant ARI principal place of business is 20860 N. Tatum Blvd. Ste. 165, Phoenix, AZ, 85050,

15. Defendant ARI may be served with Summons and a copy of this Complaint at 2338 W Royal Palm Rd Suite J, Phoenix, AZ 85021, by serving its registered agent, Corporation Service Company at this address.

16. Defendant ARI is in the business of attempting to collect debts allegedly owed by consumers and originally owed to others.

17. Defendant ARI used the mails and telephone system in connection with the collection attempts of Plaintiff's alleged debt.

18. Defendant ARI is a "debt collector" as that term is defined by the FDCPA.

### *Defendant Absolute Resolutions Corporation*

19. Defendant Absolute Resolutions Corporation (hereinafter "ARC") is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

20. Defendant ARC is not registered with the Georgia Secretary of State.

21. Defendant ARC is not authorized to transact business in the state of Georgia.

22. Defendant ARC does not have assets in the state of Georgia.

23. Defendant ARC does not have employees in the state of Georgia.

24. Defendant ARC principal place of business is 1455 Frazee Road, Ste. 550, San Diego, CA 92108,

25. Defendant ARC may be served with Summons and a copy of this Complaint at 9820 Willow Creek Rd Ste. 490, San Diego, CA 92131, by serving its registered agent, Charles E. Purdy IV at this address.

26. Defendant ARC is in the business of attempting to collect debts allegedly owed by consumers and originally owed to others.

27. Defendant ARC used the mails and telephone system in connection with the collection attempts of Plaintiff's alleged debt.

28. Defendant ARC is a "debt collector" as that term is defined by the FDCPA.

29. Defendant ARC is part owner of Defendant ARI.

### *Defendant ARC Holdings, LLC*

30. Defendant ARC Holdings LLC (hereinafter "ARC Holdings") is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

31. Defendant ARC Holdings is not registered with the Georgia Secretary of State.

32. Defendant ARC Holdings is not authorized to transact business in the state of Georgia.

33. Defendant ARC Holdings does not have assets in the state of Georgia.

34. Defendant ARC Holdings does not have employees in the state of Georgia.

35. Defendant ARC Holdings principal place of business is 225 Broadway, 19th Floor, San Diego, CA 92101,

36. Defendant ARC Holdings may be served with Summons and a copy of this Complaint at is 225 Broadway, 19th Floor, San Diego, CA 92101, by serving its registered agent, Craig Nicholas at this address.

37. Defendant ARC Holdings is in the business of attempting to collect debts allegedly owed by consumers and originally owed to others.

38. Defendant ARC Holdings used the mails and telephone system in connection with the collection attempts of Plaintiff's alleged debt.

39. Defendant ARC Holdings is a "debt collector" as that term is defined by the FDCPA.

40. Defendant ARC Holdings is part owner of Defendant ARI.

### *Defendant Stenger and Stenger, P.C.*

41. Defendant Stenger and Stenger, P.C. (hereinafter "Stenger") is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

42. Defendant Stenger is registered with the Georgia Secretary of State.

43. Defendant Stenger is authorized to transact business in the state of Georgia.

44. Defendant Stenger has assets in the state of Georgia.

45. Defendant Stenger has employees in the state of Georgia.

46. Defendant Stenger's principal place of business is 2618 East Paris Ave SE, Grand Rapids, MI, 49546.

47. Defendant Stenger may be served with Summons and a copy of this Complaint at 289 S Culver St, Lawrenceville, GA, 30046-4805, by serving its registered agent, CT Corporation System at this address.

48. Defendant Stenger is in the business of attempting to collect debts allegedly owed by consumers and originally owed to others.

49. Defendant Stenger used the mails and telephone system in connection with the collection attempts of Plaintiff's alleged debt.

50. Defendant Stenger is a "debt collector" as that term is defined by the FDCPA.

## FACTS GIVING RISE TO THIS COMPLAINT

51. Defendants ARC, ARC Holdings, and ARI are hereinafter referred to collectively as "Defendants Resolutions."

52. Plaintiff incurred a debt with an entity other than Defendants Resolutions.

53. Plaintiff incurred the debt for personal, family or household purposes, and not for business purposes.

54. Defendants allege Plaintiff defaulted on the debt.

55. Defendants Resolutions allege Plaintiff defaulted on the debt.

56. Defendant Stenger alleges Plaintiff defaulted on the debt.

57. Defendants Resolutions purchased the alleged debt after it was alleged to be in default.

58. Defendants Resolutions began servicing the alleged debt after it was alleged to be in default.

59. Defendants Resolutions hired Defendant Stenger to collect the alleged debt.

60. Defendants Resolutions attempted to collect the alleged debt from Plaintiff.

61. Defendant Stenger attempted to collect the alleged debt from Plaintiff.

62. Defendants Resolutions filed suit to collect on the alleged debt in or about May, 1 2018.

63. Defendant Stenger filed suit to collect on the alleged debt in or about May, 1 2018.

64. The May 2018 suit ("the Suit") filed by Defendants was filed in the Magistrate Court of Lamar County and was assigned case number 18-295CS.

65. The Suit was served on the Plaintiff on or about May 1, 2018.

66. On, or about, May 9, 2018, Counsel for the Plaintiff informed Defendants that the Plaintiff was represented by counsel for the alleged debt.

67. Defendants knew, or should have known, that Plaintiff was represented by counsel.

68. On, or about May 17, 2018, Defendant Stenger, on behalf of Defendants Resolutions, contacted Plaintiff directly.

69. This May 17, 2018 letter was the first communication Plaintiff received from Defendant Stenger.

70. In this May 17, 2018 communication, Defendants failed to provide the notice required by 15 U.S.C. § 1692g.

71. Defendants did not have prior consent of the Plaintiff to communicate with her.

72. Defendants did not have permission of any court of competent jurisdiction to communicate with the Plaintiff.

73. Counsel for Plaintiff did not consent to direct communication with the consumer.

74. Prior to sending the May 17, 2018 letter to the Plaintiff, the Defendants had not attempted to contact counsel for the Plaintiff.

75. The responsive pleadings filed in the Suit provided the name and address of Plaintiff's counsel.

76. Defendants invaded Plaintiff's statutory rights by violating 15 U.S.C. §§ 1692 *et seq*.

77. Plaintiff has suffered actual damages, including without limitation, emotional distress.

## Count I– Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692 et seq.

78. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. By reason of the foregoing, Defendants and their agent's actions and omissions constitute numerous and multiple violations of the FDCPA including, but not limited to, including without limitation 15 U.S.C. §§ 1692c and 1692g with respect to Plaintiff.

80. Defendants' actions were intended to cause Plaintiff harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

81. Plaintiff is entitled to recover actual damages in an amount to be determined by the trier of fact.

82. As a result of the Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendants herein.

## Count II – Violations of the Georgia Fair Business Practices Act

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. A violation of the FDCPA is a violation of O.C.G.A. §§ 10-1-390 et seq, the Georgia Fair Business Practices Act ("GFBPA.") *See e.g. 1st Nationwide Collection Agency Inc. v Werner*, 288 Ga. App. 457 (2007).

85. O. C.G.A. § 10-1-393 contains a non-exhaustive list of violations of the Georgia Fair Business Practices Act.

86. Defendants Resolutions willfully and intentionally violated the FDCPA as alleged hereinabove.

87. Plaintiff is entitled to the trebling of any actual and statutory damages he sustained as a result of Defendants Resolutions intentional and/or willful violations of the FDCPA pursuant to O.C.G.A. § 10-1-399(c) and, reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) from Defendants Resolutions.

88. O.C.G.A. § 10-1-393 makes "Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce" unlawful.

89. The above described actions by Defendants Resolutions are unfair.

90. The above described actions by Defendant Resolutions are deceptive.

91. The basis of the Suit by Defendants Resolutions was for a consumer transaction.

92. The actions by Defendants Resolutions are violations of O.C.G.A. § 10-1-393.

93. Plaintiff was injured Defendants Resolutions' actions.

94. Plaintiff is entitled to the trebling of any actual and statutory damages he sustained as a result of Defendants Resolutions' intentional and/or willful violations of O.C.G.A. § 10-1-393 pursuant to O.C.G.A. § 10-1-399(c) and, reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) from Defendants Resolutions' herein.

## **Demand for a Jury Trial**

95. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Actual, exemplary and statutory damages in an amount in excess of $1,000.00;

b) The award of costs and reasonable attorney's fees pursuant to the FDCPA and O.C.G.A. § 10-1-391 et seq. in an amount to be proven at trial but in excess of $5,000.00;

c) Pre- and post-judgment interest, if applicable;

d) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted August 13, 2018.

**DANIELS LAW LLC**

/s/ Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854

P.O. BOX 1834
Perry, GA 31069
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

ATTORNEYS FOR PLAINTIFF

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA            )
                            ) ss
COUNTY OF LAMAR             )

Pursuant to 28 U.S.C. § 1746, Plaintiff Tina Ackiss, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____August____ __07__, __2018__
            Month         Day      Year

_____Tina Ackiss_____
Signature